GRONHOLZ v SAGINAW SAVINGS & LOAN ASSOCIATION

PRINCIPAL AND AGENT—AGENT'S APPARENT AUTHORITY—CONFLICTING
TESTIMONY—QUESTION FOR JURY.

> The apparent authority of the president and general manager of
> defendant savings and loan association to bind defendant by his
> statements to employees that the money credited to their
> accounts in the association's profit-sharing plan belonged to
> them as additional salary, was a question of fact for the jury
> where the evidence was conflicting regarding the president's
> authority.

Appeal from Saginaw, Eugene Snow Huff, Jr., J. Submitted Division 3 May 10, 1972, at Grand Rapids. (Docket No. 8333.) Decided July 24, 1972.

Complaint by Delford T. Gronholz against Saginaw Savings & Loan Association for money credited to his account in the defendant's profit-sharing plan. Judgment for plaintiff. Defendant appeals. Affirmed.

*Robert R. Day,* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Russell A. Schafer* and *Edward J. McArdle),* for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and O'HARA,* JJ.

O'HARA, J. Plaintiff, Delford T. Gronholz, came

REFERENCE FOR POINTS IN HEADNOTE
3 Am Jur 2d, Agency § 360.

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to work for defendant, Saginaw Savings and Loan Association, in June of 1962 as a vice-president in charge of mortgages. At the time he was fired in January, 1966 he was tendered a check in the amount of $569.17, which was 10% of the total benefits credited to his account in the company profit-sharing plan. He brought this action claiming *inter alia* that his share should have included all the money credited to his account because the president of defendant corporation had advised him in 1964 that this sum henceforth belonged to him as additional salary.[1] The jury returned a verdict for plaintiff in the precise amount claimed, $5,122.50.

The question of jurisprudential significance involved herein is whether the apparent authority of an agent is a question of fact or law. It cannot be gainsaid that at times such a question is one of law that neither requires nor permits the submission of the issue to a jury. In the case at bar, however, there are questions as to the scope of the apparent authority of defendant corporation's president which must be decided within the factual context of this particular case.

It is defendant's contention that Fred Theuer, president and general manager, had no authority or power to bind defendant corporation during discussions with its employees. It relies upon the language of the profit-sharing agreement that the plan could only be amended by the board of directors. Plaintiff does not dispute having read this provision before commencing work for defendant. Finally, defendant asserts that the purported mod-

---

[1] By virtue of the profit-sharing plan in effect when plaintiff commenced work, an employee who left defendant's service after three years but prior to completion of four years service would receive 10% of the total benefits credited to him, and would forfeit the remaining 90%.

ification by Theuer was so far outside the usual course of events as to require approval by the board of directors.

Not so argues the plaintiff. He asserts that Theuer had expressed dissatisfaction with the profit-sharing plan and had subsequently informed him that the plan was modified and, as a result, the entire sum credited to plaintiff's account now constituted part of his salary. Other former employees testified as to similar discussions with Theuer.

On no occasion did an employee personally appear before the board to discuss his salary. *Per contra,* it clearly appears that salaries were determined by the board of directors upon recommendation of the president. Only then did Theuer inform employees as to board action.

As the Supreme Court approvingly noted in *Faust v Kent-Moore, Organization, Inc,* 324 Mich 45, 51 (1949), quoting from *Cope-Swift Co v John Schlaff Creamery Co,* 223 Mich 543, 547 (1923):

"Where the president is given power as general manager of the business with full direction and charge thereof, he has the power to do any act or make any contract that the president and general managing agent of such a corporation could do or make in the ordinary transaction of the corporate business, and *prima facie* has power to do any act which the directors could authorize or ratify, unless special limitations or restrictions are put upon such power, of which the party dealing with him has notice, or unless power to do the particular act is expressly given to another officer or agent."

For the above-cited reasons, we here hold that the record discloses existence of controverted fact issues as to the scope of apparent authority of

defendant's president which required submitting this cause to the jury.

We find the defendant's other assignments of error without merit.

Affirmed. Costs to plaintiff.

All concurred.